# THE UNITED STATES DISTRICT COURT
# THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER BISAILLON, an individual, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VAIL RESORTS, INC., a Delaware corporation,<br><br>Defendant. | **ORDER GRANTING [41] DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Civil No. 2:25-cv-00020-DBB-JCB<br><br>Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant Vail Resorts, Inc.'s ("Vail") motion to dismiss Plaintiff Christopher Bisaillon's Second Amended Complaint ("SAC") or, in the alternative, to transfer venue.[1] As a result of the parties' contractual forum selection clause, the court finds that transfer of this case to the U.S. District Court for the District of Colorado is required.

## BACKGROUND[2]

Plaintiff is a citizen of and resides in Illinois.[3] Vail owns and operates 42 mountain ski resorts in four countries, including, as relevant here, Park City Mountain Resort ("PCMR") in

---

[1] Def.'s Mot. to Dismiss ("Mot."), ECF No. 41, filed May 12, 2025.
[2] At the motion to dismiss stage, the court accepts the complaint's factual allegations as true and views those facts in the light most favorable to the nonmoving party. *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006). Plaintiff also does not challenge the court's consideration of the documents attached to Vail's motion to dismiss reflecting Plaintiff's purchase of Vail's "Epic Season Pass" and the accompanying policies, terms, and conditions. Therefore, the court considers those as well. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).
[3] Second Am. Compl. ("SAC") ¶ 4, ECF No. 37, filed April 14, 2025.

Park City, Utah.[4] Vail advertises that its mission is to "provide our guests and experience of a lifetime."[5]

The cost of a one-day lift ticket at PCMR is currently $288.00 for an adult and $189.00 for children twelve and under.[6] Vail also offers skiers discounted prices for buying a 2-day, 3-day, or 5-day passes, as well as those who purchase season passes.[7] Plaintiff first purchased an Epic Season Pass ("Epic Pass") in 2022.[8] Plaintiff enrolled in Vail's auto-renewal program, and most recently renewed his Epic Pass on April 8, 2024 for the 2024/2025 ski season.[9]

Plaintiff planned a holiday ski trip for he and his family and was scheduled to arrive in Park City on December 27, 2024.[10] On that same day, the Park City, Utah, Professional Ski Patrol Association (the "Ski Patrol Union") went on strike at PCMR, seeking higher wages and better benefits (the "Strike").[11] The Ski Patrol Union had filed multiple complaints with the National Labor Relations Board as early as December 16, 2024.[12] As a result of the Strike, less than 20% of the mountain was open for most of the high-traffic holiday season which resulted in lift lines that lasted for up to 3 hours at times.[13]

Despite a large portion of the mountain being closed, Vail did not notify its customers of the Strike and the result it would have on PCMR's operations.[14] Instead, it circulated "talking

---

[4] *Id.* ¶ 8.
[5] *Id.* ¶ 36.
[6] *Id.* ¶ 14.
[7] *Id.* ¶ 15.
[8] Decl. of Rick Wallace ("Decl."), Ex. 5, ECF No. 42-5, filed May 12, 2025.
[9] Decl. Ex. 1, ECF No. 42-1, filed May 12, 2025; *see also* SAC ¶ 37.
[10] SAC ¶ 36.
[11] SAC ¶ 16.
[12] *Id.* ¶ 17.
[13] *Id.* ¶ 21.
[14] *Id.* ¶ 28.

2

points" for employees to provide to customers asking about the strike's impact on operations.[15]

A sample of these talking points include:

- "Park City Mountain is open and operating normally."[16]

- "We do not foresee a disruption in operations."[17]

- IMPORTANT! ALSO: with the Park City operational issue, **the mountain is open, and it is safe.** Let's stick to policy. If the guest pushes back reach out but let's try and preserve as many bookings as we can today.[18]

- "Guests are calling because they are hearing about the strike, we are to say that the mountain is open, and it is safe as posted above."

It was not until January 4, 2025 that Vail added an "Operations Update" on the PCMR website stating: "We are opening the terrain that is safe to open based on the team members we have each day. Please expect some operational impacts from the ongoing patrol strike."[19]

Plaintiff knew nothing of the Strike prior to arriving at PCMR on December 28, 2024, but was told about it from other consumers upon seeing long lift lines.[20] After waiting for hours in lift lines only to ski a few minutes per run because of the majority of the Mountain being closed, Plaintiff called it a day after just three runs.[21] Due to this experience, Plaintiff decided not to ski the following day.[22] Plaintiff again attempted to ski on December 30 and 31, 2024 but faced the same hours-long lift lines and stopped skiing after just a few runs.[23] Plaintiff skipped his planned skiing on January 1, 2025 but returned again the following day to experience the same conditions. Plaintiff spent in excess of $15,000 for his family of five to have Vail's publicized

---

[15] *Id.* ¶ 31.
[16] *Id.*
[17] *Id.*
[18] *Id.* (emphasis in original).
[19] *Id.* ¶ 28.
[20] *Id.* ¶ 38.
[21] *Id.* ¶ 39.
[22] *Id.* ¶ 40.
[23] *Id.* ¶ 41.

3

"ski experience of a lifetime," but was only able to ski less than ten runs over the duration of their week-long family vacation.[24]

Plaintiff initiated this putative class action lawsuit on January 9, 2025[25] and filed the SAC on April 14, 2025.[26] The SAC asserts three causes of action: (I) violation of the Utah Consumer Sales Practices Act based on Vail's allegedly deceptive act of selling lift tickets at full value without indication that consumers would not have full access to the ski runs and chair lifts;[27] (II) fraudulent concealment based on Vail's alleged failure to disclose the Strike to consumers and the effect it would have on limiting the ability to ski at PCMR;[28] and (III) unjust enrichment based on consumers paying full price for lift tickets when Vail allegedly knew the vast majority of the mountain was unavailable for skiing, and the resulting hours-long lines.[29] On May 12, 2025, Vail filed a motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a).[30] On June 9, 2025, Plaintiff filed an Opposition.[31] On June 23, 2025, Vail filed a Reply.[32]

## LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[33] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted

---

[24] *Id.* ¶ 43.
[25] Compl., ECF No. 1.
[26] SAC, ECF No. 37.
[27] *Id.* at 55–64.
[28] *Id.* at 65–71.
[29] *Id.* at 72–75.
[30] Mot., ECF No. 41.
[31] Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), ECF No. 43.
[32] Def.'s Reply in Support of Mot. to Dismiss ("Reply"), ECF No. 44.
[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[34] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[35]

In addition, under Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[36] To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[37]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[38] "[W]hen reviewing a motion to transfer venue under § 1404, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party."[39]

The Supreme Court has held that "a forum-selection clause may be enforced by a motion to transfer under [28 U.S.C.] § 1404(a)."[40] Where a valid forum-selection clause exists, the § 1404(a) motion should be denied only under "extraordinary circumstances," and the plaintiff bears the burden of demonstrating that such circumstances exist.[41] The parties' private interests carry no weight in the analysis, so the district court "may consider arguments about public-

---

[34] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[36] Fed. R. Civ. P. 9(b).
[37] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).
[38] 28 U.S.C. § 1404(a).
[39] *Cruz v. Connexion Point, LLC*, No. 2:24-cv-00966-TC-DBP, 2025 WL 1569981, at *2 (D. Utah June 3, 2025).
[40] *Atlantic Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).
[41] *Id.* at 62, 64.

interest factors only."[42] "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"[43]

## DISCUSSION

### I. THE PARTIES' FORUM SELECTION CLAUSE BARS PLAINTIFF FROM SUING OUTSIDE OF COLORADO

By renewing his Epic Pass, Plaintiff "agree[d] and consent[ed] to [Vail's] Terms and Conditions of Sale and Privacy Policy" (the "Terms").[44] The Terms "constitute a binding agreement between [Plaintiff] and [Vail]."[45] As relevant here, the Terms contain a forum selection clause requiring "[a]ll lawsuits relating to or arising out of these Terms . . . be brought in the Federal or State Courts located in Colorado."[46]

Plaintiff does not challenge that the clause is clear and contains mandatory language. Plaintiff also acknowledges that in the Tenth Circuit, "the only way for [a litigant] to avoid the effect of [a mandatory forum selection clause] is to demonstrate [that the clause] is unfair or unreasonable."[47] Notwithstanding, Plaintiff argues that the forum selection is unenforceable because under Utah law's minority approach, a plaintiff need only show that the contract as a whole was entered into fraudulently.[48]

But Utah law is inapplicable because "[f]ederal law governs the District Court's decision whether to give effect to the parties' forum selection clause."[49] Plaintiff does not (and cannot

---

[42] *Id.* at 63–64.
[43] *Id.* at 59–60.
[44] *See* Decl. Ex. 2; Decl. Ex.3 at 10–11 (providing that the "Auto-Renew Policy" is subject to the Terms).
[45] Decl. Ex. 3 at 1.
[46] Decl. Ex. 3 at 5 ¶ 15.
[47] Opp'n 11 (citing *Excell Inc. v. Sterling Boiler & Mechanical Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)); *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1351–52 (10th Cir. 2014) ("A plaintiff seeking to avoid a choice provision on a fraud theory must . . . plead fraud going to the specific provision.") (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992)).
[48] Opp'n 10–11 (citing *Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd.*, 325 P.3d 70, 83–85 (Utah 2014).
[49] *Real Prop. Mgmt. SPV LLC v. Truitt*, No. 2:24-cv-00184-DAK, 2024 WL 3358654, at *2 (D. Utah July 9, 2024); *F.F. v. Cap. BlueCross*, No. 2:22-cv-494-RJS-JCB, 2023 WL 2574367, at *6 (D. Utah Mar. 20, 2023) (citing *Delta*

6

successfully) argue that the forum selection clause itself is unfair, unreasonable, or procured by fraud.[50] Additionally, for similar reasons, the court need not evaluate whether the Terms as a whole are illusory for lack of consideration.[51] At this stage, the court's inquiry is limited to the validity and scope of the forum selection clause, not the overall validity of the contract.[52]

Lastly, Plaintiff argues that his claims are beyond the forum selection clause's scope because the clause only covers lawsuits "relating to or arising out of these Terms."[53] Plaintiff alleges that he "bought lift tickets through Vail Resort's 'Epic Pass,'" and defines the putative class as "[a]ll persons who purchased a lift ticket or any 'Epic Pass' package."[54] According to Plaintiff, he "would have acted differently in purchasing and/or using the lift tickets" had he known about the strike.[55] Plaintiff argues that his "claims arise from Vail's fraudulent and deceptive conduct" and failing "to speak truthfully" regarding Vail's alleged failure to inform consumers that the Strike would result in more than 80% of the mountain being closed and severely limit access to ski runs.[56]

The Terms undoubtedly relate to Plaintiff's claims. They give Vail "the right, in its sole and absolute discretion, to operate its resorts, facilities, and amenities in the manner it deems

---

*Pegasus Mgmt., L.L.C. v. Netjets Sales, Inc.*, No. 2-21-cv-00393-RJS-DAO, 2022 WL 4536757, at *4 (D. Utah Sept. 28, 2022)).
[50] *See* Opp'n 10–15.
[51] *See* Opp'n 11–15. Plaintiff does not argue that the forum selection clause itself is illusory. Nor could he, as the clause binds both Plaintiff and Vail. *See* Decl. Ex. 3 at 5 ¶ 15 ("*We and you* hereby irrevocably submit to the exclusive personal jurisdiction of [Colorado courts.]") (emphasis added).
[52] *Future Foam, Inc. v. FXI, Inc.*, No. SACV-16-312-JLS (RAOx), 2016 WL 11752908, at *5 (C.D. Cal. Apr. 5, 2016) ("To hold that the Forum-Selection Clause is invalid because the contract as a whole is invalid . . . requires the Court to assess the merits of the case," which "is clearly backwards."); *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1293 (11th Cir. 2022) (stating that when a plaintiff alleges that a contract is void, "the parties must litigate the voidness issue in the forum they have chosen to resolve their disputes—that is, unless the forum-selection clause is *itself* unenforceable"); *CoActiv Cap. Partners, Inc. v. Feathers*, No. 08-cv-5506, 2009 WL 1911673, at *4 (E.D. Pa. July 1, 2009) ("We will not determine the validity of the entire contract merely to resolve [a transfer motion based on a forum selection clause] under § 1404(a).").
[53] Opp'n 15–17.
[54] SAC ¶¶ 37, 45.
[55] *Id.* ¶ 70.
[56] *See* Opp'n 17; SAC ¶¶ 55–75.

7

appropriate in its sole and exclusive judgment," and they clarify that purchase of an Epic Pass "does not guarantee (a) access to any resorts, terrain, facilities, or amenities at any given time," or "(b) any particular guest experience or [purchaser's] satisfaction with [the] guest experience at or with any resorts, facilities, or amenities."[57] Plaintiff's claims stem from his limited access to the terrain (and the accompanying long lines) as a result of Vail's alleged failure to inform him beforehand of the impact of the Strike. Therefore, they relate to the Terms.

Accordingly, the court finds the forum selection clause requires this lawsuit "be brought in the Federal or State Courts located in Colorado."[58] Section 1404(a) only authorizes the court to transfer a case on its docket to another federal district court, not a state court.[59] As such, the court transfers this action to the U.S. District Court for the District of Colorado.

## ORDER

The court GRANTS Defendant's motion to dismiss or to transfer venue.[60] Plaintiff's action is TRANSFERRED to the U.S. District Court for the District of Colorado. The Clerk of Court is DIRECTED to effect this transfer.

Signed July 2, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[57] Decl. Ex. 3 at 3 ¶¶ 1–2.
[58] *See* Decl. Ex. 3 at 5 ¶ 15.
[59] *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) ("Section 1404(a) authorizes a federal district court to transfer a case on its docket to another federal district court."); *Duran v. Marathon Asset Mgmt.*, No. 13-cv-403 MCA-KBM, 2014 WL 11429063, at *6 (D.N.M. Mar. 31, 2014), *aff'd sub nom. Duran v. Marathon Asset Mgmt., LP*, 621 F. App'x 553 (10th Cir. 2015) ("A federal court cannot transfer a case to state court pursuant to 28 U.S.C. § 1404(a).").
[60] ECF No. 41.

8